[Cite as *J.D. v. G.D.*, 2019-Ohio-4391.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| J.D. | C.A. No. 18CA0050-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| G.D. | |
| Appellant | CASE No. 17DV0160 |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2019

TEODOSIO, Presiding Judge.

{¶1} G.D. appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, overruling objections to the magistrate's decision entering a civil protection order. We reverse.

I.

{¶2} On July 27, 2017, J.D. filed a petition for a domestic violence civil protection order against his brother, G.D., with the trial court entering an ex parte civil protection order on the same day, and with a full hearing to be held on August 10, 2017. G.D. filed a motion for continuance on August 7, 2017, which was denied by the trial court. A full hearing civil protection order was entered on August 14, 2017, and on May 22, 2018, the trial court overruled G.D.'s objections to the magistrate's decision. G.D. now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL CO[U]RT ERRED AND ABUSED ITS DISCRETION BY DENYING RESPONDENT-APPELLANT'S TIMELY PRE-HEARING MOTION FOR A CONTINUANCE TO OBTAIN LEGAL COUNSEL, FILED ON A MONDAY THREE DAYS PRIOR TO THE SCHEDULED FULL DOMESTIC VIOLENCE CPO HEARING ON PETITIONER-APPELLEE'S PETITION, IN ACCORDANCE WITH R.C. 3113.31(D)(2), WITHOUT PROVIDING ANY REASON WHATSOEVER FOR THE DENIAL OF THAT CONTINUANCE MOTION.

{¶3} In his first assignment of error, G.D. argues the trial court erred in denying his motion for a continuance. We disagree.

{¶4} "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

{¶5} "The decision to grant or deny a continuance is within the discretion of the trial court, which must consider all of the circumstances surrounding the request." *State v. Starks*, 9th Dist. Summit No. 23622, 2008–Ohio–408, ¶ 9. "An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

> In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [moving party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68.

**{¶6}** After an ex parte civil protection order was issued on July 27, 2017, the matter was set for a full hearing to go forward on August 10, 2017. G.D. states that he did not become aware of the protection order and the scheduled full hearing until Saturday, August 5, 2017. On Monday, August 7, 2017, he filed a motion for a continuance of the full hearing in order to obtain counsel. The magistrate denied the motion on August 8, 2017, without further statement, and the hearing proceeded as scheduled, with no counsel present for either party.

**{¶7}** In overruling G.D.'s objection regarding the denial of his motion for a continuance, the trial court stated that G.D. had ""failed to indicate how long of a continuance he needed, and what attempts, if any, were made to secure counsel." The trial court noted that G.D. had failed to include a certificate of service with his motion, and had therefore failed to comply with Civ.R. 5(B) and Loc.R. 3.01 of the Medina County Court of Common Pleas, Domestic Relations Division. The trial court further noted that G.D. did not renew his request for a continuance at the hearing, and that when asked if he was prepared to go forward, he answered in the affirmative.

**{¶8}** Pursuant to Civ.R. 5(B)(4), "[d]ocuments filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." In considering all the circumstances surrounding the request for a continuance, including the fact that no proof of

service was established, we cannot say the trial court was unreasonable, arbitrary or unconscionable in its judgment.

{¶9} G.D.'s first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE EVIDENCE PRESENTED AT HEARING WAS INSUFFICIENT TO SUPPORT THE DOMESTIC RELATIONS COURT'S ISSUANCE OF A FULL DV-CPO ORDER [sic] AGAINST RESPONDENT-APPELLANT, WHERE THE ONLY EVIDENCE PRESENTED IN SUPPORT THEREOF WAS HEARSAY TESTIMONY BY THE PETITIONER-APPELLEE ABOUT AN ALLEGED THREAT MADE OUTSIDE HIS OWN PRESENCE TO A THIRD-PARTY WHO DID NOT TESTIFY, AND AN UNAUTHENTICATED COPY OF A POLICE REPORT MADE BY THAT THIRD-PARTY.

{¶10} In his second assignment of error, G.D. argues the trial court erred in issuing a domestic violence civil protection order because the evidence presented at hearing was insufficient. Specifically, G.D. argues that the only testimony regarding any threats was the hearsay testimony of J.D., who was not present when alleged threats were made to J.D.'s adult son at his place of work. G.D. further argues the only other evidence was an unauthenticated copy of an out-of-county police report made by J.D.'s adult son, who did not appear or testify at the hearing.

{¶11} In reviewing the sufficiency of the evidence, "we must determine whether, viewing the evidence in the light most favorable to [the petitioner], a reasonable trier of fact could find that the petitioner demonstrated by a preponderance of the evidence that a civil protection order should issue." *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081–M, 2013–Ohio–4265, ¶ 7. A sufficiency challenge tests the adequacy of the evidence. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, ¶ 11. In applying the sufficiency standard, "'we neither resolve evidence conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact.'" *State v. Tucker*, 9th Dist. Medina No. 14CA0047–M, 2015–Ohio–3810, ¶

7, quoting *State v. Jones*, 1st Dist. Hamilton Nos. C–120570 and C–120571, 2013–Ohio–4775, ¶ 33.

{¶12} The sole argument raised by G.D. with regard to the sufficiency of the evidence is that the trial court relied upon the hearsay testimony of J.D. At the hearing, however, G.D. failed to raise any objections to the alleged hearsay testimony. "[O]n appellate review we must consider all of the evidence admitted at trial, including improperly admitted evidence * * *." *In re T.A.F.*, 9th Dist. Medina No. 09CA0046-M, 2010-Ohio-3000, ¶ 24. Therefore, even though much of J.D.'s testimony related to statements told to him by his son, and qualified as hearsay, we must consider the testimony for the purposes of our analysis.

{¶13} "In order to grant a DVCPO, the court must conclude that the petitioner has demonstrated by a preponderance of the evidence that the petitioner and/or the petitioner's family or household members are in danger of domestic violence." *B.C. v. A.S.*, 9th Dist. Medina No. 13CA0020–M, 2014–Ohio–1326, ¶ 7. As defined in R.C. 3113.31(A)(1), the phrase "domestic violence" means the occurrence of one or more of the following acts against a family or household member:

(a) Attempting to cause or recklessly causing bodily injury;

(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;

(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;

(d) Committing a sexually oriented offense.

R.C. 2903.211 is concerned with the offense of menacing by stalking, and provides:

(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental

distress to the other person or a family or household member of the other person. In addition to any other basis for the other person's belief that the offender will cause physical harm to the other person or the other person's family or household member or mental distress to the other person or the other person's family or household member, the other person's belief or mental distress may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

{¶14} In order for a threat of violence to constitute domestic violence, the fear resulting from the threat must be reasonable. *Wohleber v. Wohleber*, 9th Dist. Lorain No. 10CA009924, 2011–Ohio–6696, ¶ 13. "Reasonableness is determined by referencing the petitioner's history with the respondent." *Id*. Past incidents of domestic violence, standing alone, cannot form the basis of a petitioner's fear of imminent serious physical harm. *J.K. v. M.K.*, 9th Dist. Medina No. 13CA0085-M, 2015-Ohio-434, ¶ 11. "This Court has recognized that both the totality of the circumstances, as well as the victim's state of mind, are relevant to the determination that the threat of harm was imminent." *Chafin v. Chafin*, 9th Dist. Lorain No. 09CA009721, 2010–Ohio–3939, ¶ 22.

{¶15} The testimony given by J.D. stated as follows: G.D. went to the bank where J.D.'s son worked to open an account, but was told to come back the following Monday because his driver's license had expired. As G.D. was leaving the bank, he told J.D.'s son: "I'm going to destroy your father and you guys and your family and the family." When G.D. returned on Monday, he was asked to leave because of the prior incident. He then told the branch manager that J.D.'s son was on drugs and should be fired. J.D. testified that his son was "shaken and angry," was afraid of what was going to happen, afraid for his fiancée, and afraid for his parents.

{¶16} J.D. also testified that the threat made to his son affected him and his wife: they made sure their doors were locked, that the car was in the garage, and looked around in the morning to make sure nothing had happened. He testified that it had been a "nightmare" for his

family, that he looked over his shoulder "all the time," and was kept up at night thinking about what was going to happen next. He also testified as to G.D.'s history of violence, including assaulting his sister and father and threatening numerous people over the years, indicating that was "why we've taken this threat very highly." Likewise, J.D. testified: "He said he will destroy me and my family and my children. In lieu of his past history, I took this literally, this threat literally."

{¶17} We are cognizant of the fact that there was limited evidence to support that the petitioner and/or the petitioner's family or household members were in danger of domestic violence, i.e., of placing them by the threat of force in fear of imminent serious physical harm. However, for the purposes of reviewing this matter as to the sufficiency of the evidence, and viewing the evidence in the light most favorable to the petitioner, we must conclude that a reasonable trier of fact could find that J.D. demonstrated by a preponderance of the evidence that a civil protection order should issue.

{¶18} Within his second assignment of error, G.D. also states that the issuance of the protection order was against the manifest weight of the evidence. When reviewing a challenge to the manifest weight of the evidence, this Court must "sit as a 'thirteenth juror' and review the record, weigh the evidence and all reasonable inferences, [and] consider the credibility of witnesses[.]" *J.K.* at ¶ 19. This Court must determine whether "'the trier of fact clearly lost its way and created a manifest miscarriage of justice * * *.'" *Id.*, quoting *Eastley*, 132 Ohio St.3d 328, 2012–Ohio–2179, at ¶ 20; *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). In reviewing a manifest weight challenge, reversal is only appropriate "'in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal * * *.'" *Collins v. Collins*, 9th Dist. Summit No.

27311, 2015–Ohio–2618, ¶ 23, quoting *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002–Ohio–2320, ¶ 10.

{¶19} As noted above, J.D. provided testimony that when G.D. encountered J.D.'s son at the bank, he made a threat to "destroy" the family, resulting in fear and apprehension for both J.D. and his son. Conversely, G.D. testified that he had never threatened J.D.'s son; rather, he testified that "[w]e had words and I says, 'I hate my brother,' and I left." We are concerned not only by the trial court's reliance on hearsay testimony, but also by the contradictory nature of the statement given by J.D.'s son to the Berea Police Department.

{¶20} J.D. provided hearsay testimony of what G.D. allegedly told his son, however whatever weight such testimony had is called into question by the statement given to the police by J.D.'s son. The statement was produced as an exhibit at the hearing, wherein the son stated: "[G.D.] then told me to tell my dad that 'this isn't over,' (referring to a will dispute) and that 'he was going to destroy his family.'" Taken at face value, the quoted language is directly attributed to G.D. and indicates that the "he" that G.D. is referring to is J.D. In other words, G.D. is warning his brother that it is his brother's own actions that are destroying his brother's family. Although it is certainly possible that this is not what J.D.'s son meant to communicate in his statement to the police, it is nevertheless what he did write, and in the absence of his own testimony to support an alternative reading, we are left with a statement that contradicts the hearsay testimony offered by J.D.

{¶21} We are thus left with hearsay testimony of the alleged threat made to J.D.'s son, the statement of J.D.'s son that contradicts the hearsay testimony of the threat, and G.D.'s denial of the threat. Under a manifest weight of the evidence challenge, this Court both weighs the evidence and considers the credibility of the witnesses. The evidence offered by the petitioner in

this case consisted of hearsay testimony that was itself contradicted by a statement provided by the alleged source of that testimony. The weight, if any, that can be given this tenuous evidence is extraordinarily slight, and is necessarily outweighed by the testimony, albeit limited in its own right, provided by G.D. Under the facts of this case, and specifically limited to the facts of this case, we must therefore conclude the trier of fact clearly lost its way and created a manifest miscarriage of justice.

{¶22} G.D.'s second assignment of error is sustained.

## III.

{¶23} G.D.'s first assignment of error is overruled. G.D.'s second assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

RONALD SCOTT SPEARS, Attorney at Law, for Appellant.

J. D., pro se, Appellee.